Defendant-appellant, Steve Sizemore, appeals the decision of the Butler County Court of Common Pleas to classify him as a sexual predator pursuant to R.C. Chapter 2950.[1] We affirm.
On August 20, 1997, appellant was indicted on three counts of gross sexual imposition in violation of R.C. 2907.05. On September 2, 1997, as part of a plea agreement, appellant pleaded guilty to one count of the indictment.
On October 15, 1997, the trial court conducted a hearing to determine if appellant should be classified as a sexual predator. The trial court overruled appellant's motions in which he argued that the sexual predator statute is unconstitutional because (1) the state's burden of proof is clear and convincing evidence rather than beyond a reasonable doubt and (2) the sexual predator statute constitutes cruel and unusual punishment. In an October 22, 1997 entry, the trial court found that appellant was a sexual predator. Appellant filed a timely notice of appeal and presents one assignment of error for our review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FOUND THE SEXUAL PREDATOR STATUTE, O.R.C. CHAP. 2950, CONSTITUTIONAL.
 Appellant first claims the sexual predator statute violates
the Due Process Clauses of the Ohio and United States Constitutions because the statute requires only clear and convincing evidence to adjudicate an offender a sexual predator. See R.C. 2950.09(B)(3). Appellant argues that the higher standard of proof beyond a reasonable doubt, which applies to all criminal convictions, is the only constitutional evidentiary standard for classifying an offender a sexual predator.
Appellant argues, in essence, that a finding that an offender is a sexual predator is the practical equivalent of a criminal conviction. However, the Supreme Court of Ohio has recently held that the sexual predator statute is remedial and is not analogous to a criminal conviction. State v. Cook (1998), Ohio St.3d ___, No. 97-1985, 1998 WL 670661 at *10-17. Therefore, the beyond a reasonable doubt standard is not required under the Ohio or United States Constitutions in order to classify an offender a sexual predator. State v. Brooks (Sept. 11, 1998), Hamilton App. No. C-970831, unreported, at 2.
Appellant also asserts that the sexual predator statute is cruel and unusual punishment because classifying an offender as a sexual predator reaches beyond the limits of accepted punishment in a civilized society. In addition, appellant asserts he is being punished for a status offense. See Robinson v. California (1962), 370 ___ U.S. ___ 660, 667-68, 82 S.Ct. 1417, 1420-21. (The Court holding that a defendant cannot be convicted for the status of being a drug addict).
These arguments are foreclosed by the Cook decision, as well as our past precedents. In State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, at 21-22, this court concluded that the sexual predator statute is not punishment because it is regulatory, rather than punitive. The Supreme Court of Ohio confirmed that analysis. Cook, 1998 WL at *10-17. Therefore, since the sexual predator statute is not punitive in nature, we have held, and reaffirm today, that the sexual predator statute cannot constitute cruel and unusual punishment. See State v. Nicholas (Apr. 6, 1998), Warren App. Nos. CA97-05-045, CA97-04-035, CA97-04-036, CA97-05-040, CA97-05-044, CA97-05-046, CA97-05-047, CA97-05-052 CA97-06-063, unreported, at 18, discretionary appeal allowed (1998), 82 Ohio St.3d 1482.
Finally, appellant invites this court to reconsider our prior holdings that the sexual predator statute does not constitute double jeopardy, Ex Post Facto punishment, and is not unconstitutionally vague. The Supreme Court of Ohio has held that the sexual predator statute does not constitute Ex Post Facto punishment. Cook, 1998 WL at *17. In regard to the other issues, we reaffirm our previous rulings. See State v. Warner (Apr. 20, 1998), Butler App. No. CA97-03-064, unreported, at 3-4. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.
[1] The framework of R.C. Chapter 2950 is detailed in State v. Lyttle (Dec. 22, 1997), CA97-03-060, unreported, at 1-7. See, also, State v. Cook (1998) Ohio St.3d, No. 97-1985, 1998 WL 670661 at *2-5.